IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROLYN J. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0484-WS-C |
| | ) |
| JOHN M. McHUGH, etc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the defendant's motion in limine. (Doc. 38). The motion contains four parts: (1) evidence of other acts of discrimination or retaliation beyond the two denials of promotion made the basis of this action; (2) testimony by the plaintiff as to her qualifications and those of the successful applicants; (3) testimony by the plaintiff as to Army personnel policies, procedures and practices; and (4) testimony by the plaintiff as to the motivations of those involved in the personnel decisions made the basis of this action. (*Id*. at 1-2). The plaintiff has filed a response, (Doc. 44), and the motion is ripe for resolution.

**I. Other Acts.**

The denials of promotion made the basis of the action occurred in 2011 and 2012. The defendant predicts the plaintiff will offer evidence regarding several other employment decisions involving herself: a 2009 denial of her application for a lateral transfer to the Mobile District; a 2009 denial of her application for a position on a regional quality assurance team; a 2009 denial of her application for a supervisory accountant position; and a 2012 promotion to a lead accountant position that was accompanied by a delayed start date, low pay rate and denial of a private office. The defendant predicts the plaintiff will also offer evidence that a

position for which she did not apply remained open despite a black employee being recommended to fill it, leading to an internal EEO complaint against a person who sat on two selection panels that passed over the plaintiff. (Doc. 38 at 2-4).[1]

The defendant believes all this evidence is irrelevant under Rule 401 because it goes beyond the scope of the two promotions as to which relief is sought and because the plaintiff pursued no timely administrative relief as to these incidents. (Doc. 38 at 5-8). The defendant adds a general objection based on Rule 403. (*Id*. at 8-9).

The plaintiff's failure timely to exhaust her administrative remedies as to certain allegedly discriminatory adverse employment actions precludes her from suing upon them, as she concedes. (Doc. 44 at 5). It does not, however, of its own force preclude her from using evidence of such actions in support of the claims she has brought. The defendant cites no authority in support of its contrary position.

"The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). As with the ADEA, so with Title VII. *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (11th Cir. 2014).[2]

---

[1] The defendant identifies a non-party witness as a potential source of additional testimony regarding "several incidents that occurred well prior to" the two denials of promotion. (Doc. 38 at 4). Because the defendant does not identify these incidents, the Court does not address them separately.

[2] The defendant cites the Court's dicta in *Bell v. Crowne Management, LLC*, 844 F. Supp. 2d 1222 (S.D. Ala. 2012), for the proposition that, to be relevant, "the other incidents must implicate a common decisionmaker." *Id*. at 1236. The Court extrapolated this rule from *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008), but other courts have questioned whether *Goldsmith* can be read so broadly. *Cox v. Kansas City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 122 n.13 (Mo. 2015) (en banc).

The defendant quotes *Denney v. City of Albany*, 247 F.3d 1172 (11th Cir. 2001), for the proposition that "courts are reluctant to consider 'prior bad acts' in this [employment discrimination] context where those acts do not relate directly to the plaintiffs." *Id*. at 1189.  Reluctant, however, is not the same as forbidden; the *Denney* Court itself acknowledged that distinctions of time, applicant pool and selection process "weigh heavily against attaching a great deal of probative value to" the prior situation but "may not totally deprive [the prior conduct] of its persuasive force as evidence of [the decisionmaker's] intent to discriminate against whites; a key similarity is that [the prior situation] involved the same actor making the same kind of personnel decision." *Id*.  Ultimately, the *Denney* Court ruled only that the plaintiff had offered "insufficient persuasive evidence" to escape summary judgment. *Id*. at 1190.  The instant motion, however, involves admissibility, not sufficiency.

Much of the evidence to which the defendant objects concerns the treatment of the plaintiff; much of it concerns the conduct of Jim Farnell, who allegedly discriminated and retaliated against her with respect to the promotions made the basis of this action; and much of it concerns promotions and other job-placement decisions.  As reflected above, the decision whether to admit such evidence requires a "fact-intensive, context-specific inquiry," one in which the defendant has not engaged.  Its motion in limine is therefore **denied**.

## II. Relative Qualifications.

The individuals promoted over the plaintiff in 2011 and 2012 were Jason Beard and Janet Frye, respectively.  The defendant is concerned that the plaintiff may testify:  that she had staffed a supervisory accountant position on a permanent basis, while Frye had not; that she had held a variety of positions, rendered above

---

In any event, in light of *Mendelsohn* (which was decided a month after *Goldsmith*), "the admissibility of evidence of discrimination by other supervisors is not governed by a categorical rule …." *Adams*, 754 F.3d at 1258.

average performance, and secured a number of noteworthy accomplishments; that she was the first in the region to obtain a CDFM, which is the gold standard for Department of Defense financial managers; that she performed exceptionally well in all positions she held; that she had performed well in a number of supervisory positions, while Beard had never held a supervisory position; and that she had trained Frye when she was a co-op student.  The defendant also believes the plaintiff may testify that the person promoted to a supervisory accountant position in 2009 had no degree, had only 24 hours of accounting classes, had no certification, and had returned to the Mobile District only a few years before her promotion.  Finally, the defendant believes the plaintiff may testify that she was better qualified than Beard and Frye.  (Doc. 38 at 9-10).

       The defendant describes all the foregoing as irrelevant under Rule 401, on the grounds that a plaintiff cannot offer opinions regarding her own qualifications, absolute or relative to others.  (Doc. 38 at 10-12).  The defendant adds another general objection based on Rule 403.  (*Id*. at 12).

       As a threshold matter, much of the testimony to which the defendant objects cannot be classified as opinion.  Education, experience, honors, certifications and so forth – one's own or someone else's – are not matters of opinion but of fact.

       It is true that an employer is generally free to determine its own qualifications for a position and is also free to evaluate the relative qualifications of various applicants, so long as it is not masking a discriminatory or retaliatory motive.  But the defendant has failed to show that this means a plaintiff is forbidden to present evidence of what she considers her qualifications or to engage in a comparison of those qualifications with those of other applicants.  Such a showing would be difficult, given that, "[u]nder this Court's decisions, qualifications evidence may suffice, at least in some circumstances, to show pretext."  *Ash v. Tyson Foods, Inc*., 546 U.S. 454, 457 (2006).  While the defendant's cases support the proposition that a plaintiff's conclusory, subjective

opinion that she is better qualified is not of itself sufficient evidence of discrimination to withstand summary judgment, the question before the Court is again admissibility, not sufficiency. For lack of offered support, the defendant's motion in limine is **denied**.

### III. Personnel Policies, Procedures and Practices.

The defendant believes the plaintiff will testify: that the interview process did not comport with governing guidelines; that the Corps did not maintain documents as required by regulation and perhaps by consent decree; that Farnell should not have served as panel chair while the plaintiff had an EEO complaint pending against him; that he should have retained all notes for the same reason; and that the selection panel did not follow the defendant's corporate recruitment strategy. (Doc. 38 at 13). The defendant may also anticipate testimony of additional, unidentified unwritten practices and their violation. (*Id*. at 13-14).

The defendant describes this testimony as hearsay and as impermissible opinion evidence. Once again, the defendant also nods at Rule 403 without providing any analysis of that rule or its application here. (Doc. 38 at 13-14).

The plaintiff does not respond to the defendant's motion. Because the plaintiff identified no expert witnesses in the joint pretrial document, (Doc. 33-3), she may not testify as an expert as to the defendant's personnel policies, procedures or practices. Nor does it appear likely that she could offer a legitimate lay opinion under Rule 701 as to personnel matters. But the defendant has failed to demonstrate that the plaintiff lacks personal knowledge as to the content and application of the policies, procedures and practices, which knowledge presumably would permit her to testify regarding such things as a fact witness. Likewise, the defendant has failed to show that the plaintiff lacks personal knowledge as to whether specific requirements were or were not followed. Accordingly, the defendant's motion in limine is **denied**.

### IV. Motivation.

Finally, the defendant asserts that the plaintiff should not be permitted to testify that she believes she was passed over for promotion due to the discriminatory and/or retaliatory animus of multiple panel members. Such evidence, the defendant argues, constitutes impermissible lay opinion testimony and should be excluded under Rules 401 and 403. (Doc. 38 at 14-16).

The defendant relies on Second Circuit precedent for the proposition that a plaintiff may not tell the jury she believes she has been the victim of discrimination or retaliation. *See Village of Freeport v. Barrella*, 814 F.3d 594, 611 (2nd Cir. 2016); *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2nd Cir. 2000). In fact, neither *Barrella* nor *Hester* addressed testimony by the plaintiff but rather testimony by third-party witnesses.

At any rate, the rule for which the defendant contends appears not to have been adopted by the Eleventh Circuit, and the Court declines to anticipate that it will do so. While Rule 701 surely serves as a bulwark against opinions that merely tell a jury what verdict to reach, the plaintiff's opinion that she lost promotions due to race/sex/age discrimination and/or retaliation does not tell the jury to rule in her favor but simply explains why she is bringing suit; indeed, precluding a plaintiff from making this basic statement might suggest to some jurors that she does not believe in the validity of her own cause. While there may be limits on how far a plaintiff can go in offering such testimony, the defendant's cursory motion does not plumb them. Accordingly, its motion in limine is **denied**.

DONE and ORDERED this 11th day of May, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE